UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **GWENDOLYN HOLLAND** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: |
| | § | |
| **U.S. DEPARTMENT OF VETERANS** | § | |
| **AFFAIRS AND DENIS MCDONOUGH** | § | |
| **SECRETARY OF VETERANS AFFAIRS** | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff Gwendolyn Holland ("Holland" or "Plaintiff"), file this Complaint against Defendants U.S. Department of Veterans Affairs and Denis McDounough (hereinafter "Defendant"), and for her causes of action respectfully shows the Court as follows:

**I.**
**PARTIES**

1.  Plaintiff is a Texas resident.

2.  Defendants are a department and a member of the U.S. government doing business in Texas.

3.  Whenever in this Petition it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## II.
## JURISDICTION AND VENUE

4. Jurisdiction is appropriate and proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1331 because this matter is a civil action that arises under the laws of the United States. Jurisdiction is also proper pursuant to 29 U.S.C. §791 because Plaintiff seeks to recover damages or to secure equitable relief under Section 501 of the Rehabilitation Act of 1973, as amended, which is an act of Congress which provide for the protection of civil rights for those discriminated on the basis of their disability.

5. Venue is appropriate and proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391 because Defendants do business in Corpus Christi, Neuces County, Texas, and because the causes of action alleged herein occurred in Corpus Christi, Neuces County, Texas.

## III.
## CONDITIONS PRECEDENT TO SUIT

6. All conditions precedent to filing this cause of action have been met.

7. On August 31, 2023, a Notice of Right to File a Civil Action was issued entitling Holland to file an action in this Court for her disability claims.

8. This action was filed within ninety (90) days of Holland's receipt of the Notice of Right to File a Civil Action for her disability claims.

9. On June 15, 2023, Holland filed an EEO complaint ("Holland's EEO Complaint") alleging that she was retaliated against because she provided deposition testimony in a lawsuit involving a former VA employee (Willie Dickerson) and the VA (the "Dickerson lawsuit"). Specifically, Holland's EEO complaint alleged that: a) the VA had offered her a job as a Registered Nurse, QM Clinician on April 10, 2023 but rescinded this job offer in retaliation for

2

the deposition testimony Holland provided in the Dickerson lawsuit. Holland's EEO Complaint also alleged that the VA retaliated against her for the deposition testimony Holland provided in the Dickerson lawsuit by making a report to the Colorado State Nurses Licensing Board falsely stating that Holland had provided patient care that did not meet state standards. Holland is legally entitled to file a claim in federal court against Defendants for unlawful retaliation.

## IV.
## SUMMARY OF CLAIMS

10. Defendants have engaged in unlawful employment practices in violation of the Rehabilitation Act of 1973 by: a) rescinding a job offer to Plaintiff in retaliation for her providing deposition testimony in a lawsuit involving Defendants and a former VA employee (Willie Dickerson) and b) filing a report with the Colorado State Nurses Licensing Board that falsely accused Holland of providing patient care that did not meet state standards.

11. These practices include, but are not limited, to the matters listed in this Complaint.

12. No action was taken to correct the prevalent problem.

13. Plaintiff has suffered violations of 29 U.S.C. § 791 and seeks to recover damages or to secure equitable relief under the Rehabilitation Act, as amended, which provides for the protection of disabled people who are employed by the federal government.

## V.
## FACTUAL BACKGROUND

14. On February 13, 2023, Holland was deposed in Willie Dickerson's lawsuit against the U.S. Department of Veterans Affairs ("VA") (Civil Action No: 4:21-cv-03805; *Dickerson v. U.S. Department of Veteran Affairs et al.*) Because Holland received a subpoena in connection

with this deposition, she had no choice but to attend the deposition and provide truthful testimony.

15. Prior to Holland being subpoenaed to attend the February 13, 2023 deposition, one of Dickerson's attorneys (Andrew Mintz) contacted Defendants' attorney (Ariel Wiley) in an attempt to schedule Holland's deposition. In response, Wiley told Mintz: a) that Holland "had retired" from the VA and b) that she did not have current contact information for Ms. Holland. (Exhibit A)

16. Wiley's statements to Mintz were false. In fact, Holland had resigned (not retired) from the VA. (Exhibit A) Moreover (and contrary to Wiley's false representation), Defendants did have current contact information for Ms. Holland, as proven by the fact that VA attorney April Garrett had been communicating with Holland about her availability for a deposition in December 2022. *Id.*

17. Upon information and belief, Defendants (through Wiley) lied about the circumstances of Holland's departure from the VA (resignation instead of retirement) and lied about the VA having current contact for Holland (as evidenced by Exhibit A) because Defendants feared that her truthful testimony in the Dickerson lawsuit would undermine Defendants' case against Dickerson.

18. On or about February 27, 2023, Holland received a letter from the VA with a "tentative" offer of employment to work as a QM Clinician in Corpus Christi. This "tentative" offer was reconfirmed via letter on or about March 10, 2023.

19. On or about April 10, 2023, Holland received a letter from the VA in which she was told that the job offer had been rescinded. Defendants' excuse was that Holland "did not meet the credentialing and privileging requirements."

20.     Defendants' stated reason for rescinding the job offer to Holland is false. In fact, Holland was **overqualified** for the position. Specifically, Holland is a Master prepared registered nurse with over fifteen years as professional nurse with leadership and clinical quality management background. Moreover, Holland serves as a subject matter expert in state and federal regulatory compliance and process improvement projects with a proven, successful track record of improving patient outcomes. Holland has also held various leadership positions as a quality nurse consultant, director, regulatory manager, and Chief Nurse. In addition, Holland has led numerous successful surveys with The Joint Commission, Office of Inspector General, and the Center for Medicare & Medicaid Services that led these facilities into compliance.

21.     Defendants' stated reason for rescinding its job offer is mere pretext designed to cover up the fact that Defendants withdrew their job offer to Holland in retaliation for her providing truthful testimony during her February 13, 2023 deposition that undermined Defendants' case against Dickerson.

22.     Not satisfied with unlawfully retaliating against Holland for her (compelled and truthful) deposition testimony that Defendants did not like, Defendants took the additional step of mailing a harassing, threatening letter to Holland. Although the letter was dated April 27, 2023, it was not mailed out until May 31, 2023 and was not received by Holland until on or about June 8, 2023. The letter stated that the VA was considering reporting Holland for "losing compliance" and "providing false data." None of these allegations are true, and it constitutes unlawful harassment against Holland because she provided deposition testimony that the VA did not like.

23.     Defendants did in fact make a report to the Colorado State Nurses Licensing Board in which Defendants made the false allegation that Holland was "providing patient care

5

that did not meet state standards." Upon information and belief, Defendants made this false report to harass and retaliate against Holland for providing truthful testimony during her February 13, 2023 deposition that undermined Defendants' case against Dickerson.

## VI.
## CAUSES OF ACTION

### UNLAWFUL RETALATION FOR FILING A DISABIITY COMPLAINT IN VIOLATION OF THE REHABILITATION ACT OF 1973

24. Plaintiff hereby incorporates all the facts contained in §V of this Plaintiff's Complaint as if set forth fully herein.

25. The Rehabilitation Act incorporates the anti-retaliation provision from 42 U.S.C. § 12203(a) of the ADA. 29 U.S.C. §§ 791(f), 793(d), 794(d). To make a prima facie case for an unlawful retaliation claim in violation of 42 U.S.C. § 12203(a), Plaintiff must show the following: (1) She engaged in an activity protected by the ADA, (2) She suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action..." *Lyons v. Katy Indep. Sch. Dist.,* 964 F.3d 298, 304 (5th Cir. 2020) (citing *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 348 (5th Cir. 2019)

26. Here, Holland a) engaged in an activity protected by the ADA by providing deposition testimony in a legal proceeding involving Defendants and b) that she suffered adverse employment actions (withdrawal of a job offer)

27. With respect to the "causal connection between the protected activity and the adverse action", Plaintiff will demonstrate during the discovery period that: a) Defendants withdrew Plaintiff's job offer because Defendants were unhappy with Holland's deposition testimony (protected activity) that undermined Defendants' case against Willie Dickerson and b)

in retaliation for Holland's deposition testimony, Defendants' rescinded Holland's job offer less than two months after her deposition testimony.

28. The effect of the practices complained of above had been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in opposition activity by providing deposition testimony against Defendants.

## VII.
## JURY DEMAND

29. Plaintiffs request a trial by jury on all issues triable by a jury.

## VIII.
## PRAYER

30. **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear herein, and that after trial by jury, a judgment be entered granting Plaintiff the following:

- A. reinstatement by Defendants placing Plaintiff in the position she would have occupied but for Defendants' unlawful retaliatory treatment and making her whole for all earnings she would have received had it not been for Defendants' unlawful retaliatory treatment including, but not limited to, wages, bonuses, pension and other lost benefits;

- B. compensatory damages;

- C. punitive damages;

- D. pre-judgment and post-judgment interest at the maximum rate permitted by law;

- E. reasonable and necessary attorney's fees in an amount to be shown to the satisfaction of the court;

- F. cost of court; and

- G. such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled under all attending facts and circumstances.

Respectfully submitted,

 /s/ *Andrew L Mintz*
Andrew L. Mintz
Texas Bar No. 24037120
SD TX I.D. No. 35220
andrew@almintzlawfirm.com
ANDREW L. MINTZ, PLLC
2100 West Loop South, Suite 1125
Houston, Texas 77027
Ph: (713) 859-3828
Fax: (832) 626-0389

**ATTORNEY FOR PLAINTIFF**
**GWENDOLYN HOLLAND**